IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSE FRAGUA and
WILLIAM G. FRAGUA,

      Plaintiffs,

v.                                                                               No. 1:23-cv-00760-KK

WILLIAM J. FRAGUA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***
**AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 6, 2023, and Defendant's Notice of Removal, Doc. 5, filed September 7, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I.*

*DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs.  Defendant signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Defendant's average monthly income during the past 12 months is $0.00; and (ii) Defendant's monthly expenses total $400.00.  The Court finds that Defendant is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings, and because he has no income.

**Notice of Removal**

Plaintiffs, who are represented by counsel in the state-court action, filed a complaint to partition and sell real property in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on December 15, 2022.  *See* Notice of Removal at 7.  Defendant owns an undivided one-half interest in the property.  *See* Notice of Removal at 9.

Defendant removed the case stating the Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1441(b), removal based on diversity of citizenship, stating:

> The Complaint, and each cause of action contained therein, may be properly removed on the basis of federal question jurisdiction since all causes of action are based on alleged benefit to force a sale of real property violating [Defendant's] civil rights of ownership and the forced removal outside the intent of the Constitution of the United States of America.  Therefore, because [Defendant's] claims will depend on the resolution of questions of federal law, namely the Constitution, this Court has jurisdiction over this action. 28 U.S.C. §§ 1331, 1441(b).

Notice of Removal at 2.  Defendant's reference to Section 1441(b), removal based on diversity of citizenship, appears to be a typographical error because the complaint indicates Defendant and both Plaintiffs are residents of New Mexico.  *See* Notice of Removal at 7.

> A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction. 28 U.S.C. § 1441(a). However, a federal court must remand a removed action back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper, and "there is a presumption against its existence." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974).

*Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

> Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. *Felix,* 387 F.3d at 1154. Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction. *Id.* (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

*Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011).

It appears that the Court lacks jurisdiction over this case.  Defendant states this case is removable because the causes of action in the complaint violate Defendant's civil rights under the United States Constitution, however, the complaint does not plead any causes of action pursuant to the United States Constitution or any other federal law.  Defendant's assertion that the causes of action in the complaint violate his civil rights under federal law may be a defense to those claims but is not sufficient to invoke federal question jurisdiction for removal of the action.

It also appears that Defendant's Notice of Removal is untimely.  Defendant states:

> This Notice of Removal of Civil Action is filed within 30 days after receipt by [Defendant] a copy of the a [sic] pleading, motion, order, or other paper from which it may be first ascertained that the case is one which or has become

> removable.  Thus, the time for filing this Notice of Removal of Civil Action under 28 U.S.C. § 1446 has not expired.

Notice of Removal at 2.  Defendant also states, however, that he "first received a copy of the Summons and Complaint in aforesaid action on January 4, 2023."  Notice of Removal at 1.  Section 1446 provides:

> The notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
> . . . .
> a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(a, b(3)).  The Notice of Removal does not identify any papers Defendant received within the past 30 days from which it may first be ascertained that the case is or has become removable, and does not explain how those papers show that the case is or has become removable.

The Court orders Defendant to show cause why the Court should not remand this case to the Second Judicial District Court: (i) for lack of jurisdiction; and (ii) as untimely.  If Defendant asserts this case should not be remanded, Defendant must attach to his response to this Order copies of all documents he relies upon to support jurisdiction and timeliness.  Defendant must mark, for example by brackets, highlighting, shading, or underlining, the portions of those documents he wishes to bring to the Court's attention.  *See* D.N.M.LR-Civ. 10.6.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Defendant of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Defendant to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 6, 2023, is **GRANTED.**

(ii) Defendant shall, within 21 days of entry of this Order, show cause why the Court should not remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico. Failure to timely show cause may result in remand of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**